UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAKYA WILLIAMS,

    Plaintiff,

v.                                                      Case No. 08-10197

MUHAMED MUSTAFA,

    Defendant.
                                                                /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS, AND TERMINATING
AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On January 13, 2009, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R&R"), in which he recommended (1) that Defendant Muhamed Mustafa's motion to dismiss be granted; or (2) in the alternative, that Defendant's motion for summary judgment be granted. On January 26, 2009, Plaintiff filed his objections to the R&R. Defendant filed his response to the objections on February 4, 2009. Having reviewed the filings, the court will reject Plaintiff's objections, adopt the R&R, grant Defendant's motion to dismiss, and terminate as moot Defendant's motion for summary judgment.

**I. BACKGROUND**

Plaintiff is currently a state inmate incarcerated at Huron Valley Men's Complex. In his complaint, Plaintiff alleges that he has suffered from chronic stomach pains since 1999. (Pl.'s Compl. App'x A.) Plaintiff further alleges that while he has been tested and treated by Defendant, Defendant has, with "deliberate indifference" to Plaintiff's "serious

medical need," refused to refer Plaintiff to a specialist in violation of Plaintiff's Eighth Amendment rights under the United States Constitution. (Pl.'s Compl. App'x A.) Before filing his complaint, Plaintiff submitted his grievance in accord with the stated grievance policy ("Policy") of the Michigan Department of Corrections ("MDOC"). Plaintiff proceeded through the three "Steps" of the Policy.

On June 5, 2008, Defendant filed a motion to dismiss in which he argued that (1) Plaintiff's claims should be dismissed because Plaintiff had failed to exhaust administrative remedies, (2) Plaintiff's claims should be dismissed because he failed to state a claim, (3) the court should decline to exercise supplemental jurisdiction over Plaintiff's state claims, and (4) Plaintiff failed to state a claim for state medical malpractice. On September 30, 2008, Defendant filed a motion for summary judgment because Plaintiff had not put forth evidence to establish (1) a serious medical need, (2) deliberate indifference on the part of Defendant, or (3) any resultant harm or effect to Plaintiff.

In the R&R, Magistrate Judge Hluchaniuk recommends granting Defendant's motion to dismiss on the grounds that (1) Plaintiff has failed to state a claim with respect to Plaintiff's federal claim, and (2) the court should therefore decline to exercise supplemental jurisdiction over Plaintiff's state claims and dismiss them without prejudice.[1] In the alternative, the Magistrate Judge recommends granting Defendant's motion for summary judgment. Plaintiff objected to each of the Magistrate Judge's recommendations on the basis that he had established the elements for his claims.

---

[1] The Magistrate Judge found that Plaintiff had exhausted his administrative remedies, and therefore does not recommend granting Defendant's motion to dismiss with respect to this issue.

For the reasons stated below, the court agrees with the R&R and overrules the Plaintiff's objections.  The court will grant Defendant's motion to dismiss, dismiss Plaintiff's federal claim with prejudice, and dismiss Plaintiff's state claims without prejudice.  The court will further terminate as moot Defendant's motion for summary judgment.

## II.  STANDARD

### A.  Motion to Dismiss Standard

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. . . ." *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).  Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations

3

> must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### B.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

### C.  Timely Objections and *De Novo* Review

The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the

5

magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### III.  OBJECTIONS

In the R&R, Magistrate Judge Hluchaniuk recommends that Defendant's motion to dismiss be granted as to Plaintiff's failure to stay a claim and denied as to Plaintiff's exhaustion of remedies. In the alternative, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted. Finally, if the court accepts either of the preceding recommendations, the Magistrate Judge recommends that Plaintiff's state law claims be dismissed without prejudice.

Plaintiff makes three objections to the Magistrate Judge's R&R, each focused on one of the three recommendations in the Magistrate Judge's R&R. Plaintiff argues that the Magistrate Judge was incorrect in finding (1) that Plaintiff did not demonstrate a "serious medical need" such that Plaintiff failed to state a claim; (2) that Plaintiff did not show that a genuine issue of a material fact existed regarding whether Defendant exhibited "deliberate indifference," and that Defendant was therefore entitled to summary judgment; and (3) that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. After making a *de novo* review of each objection and its underlying facts, the court will reject Plaintiff's objections and adopt the Magistrate Judge's report.

### A. Objection # 1

Plaintiff first claims that the Magistrate Judge erred in finding that Plaintiff had not demonstrated a "serious medical need," and that therefore Plaintiff had failed to state a claim for a lack of medical care violation of the Eighth Amendment. (Pl.'s Obj. # 1.) Plaintiff states that he has had chronic stomach pains and constipation since 1999 and that Defendant has done tests, taken samples, and prescribed milk of magnesia as treatment. (Pl.'s Obj. # 1.) Plaintiff further states that nothing has alleviated his pain, and Defendant refuses to refer Plaintiff to a specialist. (Pl.'s Obj. # 1.)

As Plaintiff correctly states, to plead an Eighth Amendment violation for lack of medical care, a plaintiff must show "deliberate indifference to [the] serious medical needs of prisoners [that] constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). An Eighth Amendment violation includes (1) an objective element of "serious

7

medical need," and (2) a subjective element of "deliberate indifference" by the treating professional. *See id.* In addition, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106 (finding that a "serious medical condition" is not shown merely because a doctor declines to order more tests or prescribe further treatment).

In Objection # 1, Plaintiff primarily restates arguments that have already been considered and rejected by the Magistrate Judge rather than identifying errors in the Magistrate Judge's analysis. Plaintiff emphasizes that he has suffered for a long time and that, at times, his condition has prevented him from working. Nonetheless, Plaintiff's arguments do not meet the objective element requirement necessary to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 104. "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6h Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6h Cir. 2004)); *see also Dodson v. Wilkinson*, No. 06-4136, 2008 WL 5378017, *5 (6th Cir. Sept. 24, 2008) (finding that despite complaints of low blood sugar, stomach pains, asthma, ulcers, irritable bowel syndrome, allergies, and dizzy spells, plaintiff had not shown a "serious medical condition," even though these were symptoms of the Hepatitis C virus). Plaintiff's claims do not meet the objective criteria for stating an Eighth Amendment claim because he only complains chronic stomach pains and constipation. As Magistrate Judge Hluchaniuk indicates, other federal courts addressing claims similar to, and indeed more severe than,

Plaintiff's have not found that such symptoms constitute a "serious medical condition." (R&R at 23.)

The Magistrate Judge correctly found that Plaintiff's "stomach pains and chronic constipation. . . . do not rise to the level of a serious medical need" (R&R at 24), and therefore Plaintiff has failed to state a claim for relief.[2] Accordingly, the court rejects Plaintiff's first objection.

### B.  Objection # 2

Plaintiff also argues that Defendant exhibited "deliberate indifference" toward Plaintiff's medical condition which should defeat Defendant's motion for summary judgment.  Plaintiff alleges that Defendant intentionally delayed and kept Plaintiff from receiving medical treatment even though, "it was clear that Plaintiff was in severe pain[] and needed immediate medical attention."  (Pl.'s Obj. # 2.)

As the second, subjective component to prove an Eighth Amendment violation, a plaintiff must demonstrate "deliberate indifference" in addition to "serious medical need" in order to overcome a motion for summary judgment.  *See Estelle*, 429 U.S. at 104. This subjective component requires Plaintiff to show that Defendant "possessed 'a

---

[2] In Objection # 1, Plaintiff also argues that he demonstrated "deliberate indifference" by Defendant, which constitutes the second and subjective element required in order to state a claim for relief for an Eighth Amendment violation in this context.  *See Estelle*, 429 U.S. at 104.  However, Magistrate Judge Hluchaniuk found it unnecessary to address this prong of the analysis because the two prongs are conjunctive requirements, and the Magistrate Judge had already determined that Plaintiff had not demonstrated a "serious medical condition."  Because this court overruled Plaintiff's Objection # 1 regarding his alleged "serious medical condition," and therefore the court has already found that Plaintiff failed to state a claim upon which relief can be granted, the court agrees with Magistrate Judge Hluchaniuk that it is unnecessary to decide the issue of "deliberate indifference."  In any case, this question is addressed in the discussion of Defendant's Objection # 2.

9

sufficiently culpable state of mind in denying medical care' . . . . greater than mere negligence." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Blackmore*, 390 F.3d at 895). Indeed, as Plaintiff correctly states, "deliberate indifference" means at least "criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm." *Sanderhofer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)).

Again, Plaintiff primarily restates the arguments he has previously presented and which the Magistrate Judge has already addressed. Plaintiff does not point to any specific error in the Magistrate Judge's R&R. Plaintiff admits that he received treatment from Defendant for his stomach pains and only disputes the kind and timing of the treatment he received. (Pl.'s Obj # 2.) Indeed, Defendant regularly examined Plaintiff, performed tests, and provided medication to alleviate Plaintiff's symptoms. Moreover, not referring Plaintiff to a specialist does not constitute "deliberate indifference" on Defendant's part. *See Wooley v. Campbell*, 63 F. App'x 789 (6th Cir. 2003) (finding that plaintiff did demonstrate "deliberate indifference" when he received treatment for Hepatitis C but was not referred to a specialist).

As the Magistrate Judge aptly stated, "although [P]laintiff may be dissatisfied with the treatment he received, this amounts to nothing more than a disagreement between [D]efendant and [P]laintiff as to the proper course of treatment, and does not amount to a constitutional injury." (R&R at 26.) Plaintiff's objection regarding the Magistrate

Judge's conclusion that no "deliberate indifference" existed is accordingly overruled. Because Defendant has shown that Plaintiff cannot identify a genuine issue of material fact as to Defendant's alleged "deliberate indifference, summary judgment would ordinarily be appropriate; however, because this court has already found that Plaintiff has failed even to state a claim for a violation of the Eighth Amendment and will grant Defendant's motion to dismiss, the court will terminate Defendant's motion for summary judgment as moot.[3]

### C.  Objection # 3

In his third objection, Plaintiff argues that, contrary to Magistrate Judge Hluchaniuk's recommendation, the court should not dismiss Plaintiff's state law claim. (Pl.'s Obj. # 3.)  Construing Plaintiff's objection generously, it appears that Plaintiff is arguing that his state law claims should not be dismissed because of the difficulties of proceeding as a *pro se* plaintiff and because Plaintiff alleges he has suffered a harm for which he should receive relief.[4]  (Pl.'s Obj. # 3.)

Plaintiff does not identify an error in the Magistrate Judge's consideration of this determination.  Plaintiff only states his reasons for wishing that his claims remain in federal court, and this is insufficient to create federal jurisdiction.  As Magistrate Judge Hluchaniuk explained, federal courts generally decline to exercise supplemental jurisdiction over state law claims if the federal law claims have been dismissed in their

---

[3] The court agrees with the Magistrate Judge's recommendation that if the motion to dismiss were denied, the court would then grant the motion for summary judgment.

[4] Plaintiff's failure to state a federal claim does not determine whether he has stated a valid state law claim.  Indeed, the court has not examined whether Plaintiff has stated a valid state law claim because it will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

11

entirety. (R&R at 26.) While Congress authorized federal courts to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, the statute also allows federal courts the discretion to decline to exercise supplemental jurisdiction, particularly in cases in which the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

Because the court will dismiss all Plaintiff's federal claims, the court agrees with Magistrate Judge Hluchaniuk that it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . , the state claims should be dismissed as well."). Therefore, the court will dismiss Plaintiff's state law claims without prejudice, and Plaintiff's Objection # 3 is overruled.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's Objections [Dkt. # 34] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 33] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED Defendant's motion to dismiss [Dkt. # 21] is GRANTED, Plaintiff's federal law claims are DISMISSED WITH PREJUDICE, and Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

Finally, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 28] is TERMINATED AS MOOT.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record and

**Nakya Williams** #249968
HURON VALLEY COMPLEX - MEN'S
3201 BEMIS ROAD
YPSILANTI, MI 48197

on this date, February 24, 2009, by electronic and/or ordinary mail.

    S/Lisa Ware for Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-10197.WILLIAMS.Adopt.RandR.Prisoner.1983.Serious.Medical.Condition.ljd.wpd